### THE IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| LITTLE CHUBBY ONE INC. | ) | |
| Plaintiff, | ) | CIVIL ACTION NO.: |
| | ) | |
| v. | ) | |
| | ) | |
| BUCKLE TOY INC. | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## **COMPLAINT**

Plaintiff Little Chubby One Inc. ("LCO" or "Plaintiff"), by and through its attorneys, hereby alleges for its Complaint against Buckle Toy Inc. ("Buckle" or "Defendant") on personal knowledge as to its own activities and on information and belief as to all other matters, as follows:

## **NATURE OF THE ACTION**

1.     This is an action for declaratory judgment arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for non-infringement and cancellation of Defendant's copyright under 17 U.S.C. §§ 101, *et seq.,* non-infringement, invalidity, unfair competition and false designation of origin of Defendant's trademarks the Lanham Act, 15 U.S.C. §§ 1052 and 1125, *et seq.,* cancellation under 15 U.S.C. §§ 1064 and 1119, for tortious interference with prospective economic advantage and trade libel by Defendant, as well as related claims under the statutory and common laws of the State of New York.

2.     Defendant, in an apparent attempt to monopolize designs of children's tactile toys, have conducted an aggressive enforcement program by harassing and bullying businesses into submission, preventing lawful sales of unrelated products across numerous retailers.

3.     As discussed in more detail below, Defendant has threatened litigation, and baldly stated that Plaintiff has no right to report Defendant's copyright misuse to Amazon.com ("Amazon"). In an attempt to evoke fear in the minds of the Plaintiff, Defendant has demanded that Plaintiff cease all sales of Plaintiff's Buckle Pillow products ("Buckle Pillow"), while failing to provide even a cursory analysis of purported infringement.

4.     Plaintiff has thus been forced to file this action to vindicate its rights to sell its Buckle Pillow.

## PARTIES

5.     Plaintiff is a New York corporation with a place of business at 55 Old Nyack Turnpike, Suite 204, Nanuet, New York 10954.  Plaintiff specializes in children's toys and activities.

6.     Upon information and belief, Defendant is a Nevada corporation with a principal place of business at 1452 W. Horizon Ridge Parkway, Suite 171, Henderson, Nevada 89012.

## JURISDICTION AND VENUE

7.     This action arises under the Declaratory Judgment Act, 28 U.S.C § 2201 and 2202, Federal Rule of Civil Procedure 57, the Trademark Laws of the United States, 15 U.S.C. § 1051 *et seq.* (the "Lanham Act"), the Copyright Act , 17 U.S.C. § 101 *et seq.*, and related claims, due to Defendant's assertions of trademark infringement of U.S. Trademark Registration No. 5,888,699 (collectively, along with any additional federal or common law rights Defendant may assert, the "Asserted Mark") against Plaintiff, as well as Defendant's assertions of copyright infringement of U.S. Copyright Registration No. VA0001983646   (the "Asserted Registration") related to Defendant's Buckle Toy ("Buckle Toy").  A copy of the Asserted Registration's Abstract from the

U.S. Copyright Office is attached hereto as Exhibit A, and a copy of the Asserted Mark's bibliographic information from the TSDR Database is attached hereto as Exhibit B.

8.     Subject matter jurisdiction over the claims is conferred upon this Court by 28 U.S.C. § 2201 and 2202 (declaratory judgment) 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1338 (original jurisdiction) 15 U.S.C. § 1121(a) (trademark jurisdiction), 17 U.S.C. § 501 (copyright jurisdiction), 28 § U.S.C. 1332 (diversity jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction).

9.     This Court also has personal jurisdiction over Defendant because, upon information and belief, Defendant maintains continuous and systematic contacts within New York, derives substantial revenue from New York, and has committed acts giving rise to this action within New York and within this District, including, *inter alia*, accusing Plaintiff of copyright and trademark infringement and related claims by directing multiple letters to Plaintiff in this District, and alleging or implying, due to Plaintiff's headquarters within this District, that such alleged infringement took place within the District.

10.     The exercise of personal jurisdiction comports with Defendant's right to due process, because they have purposefully availed themselves of the privilege of conducting activities nationally, including within the Southern District of New York, such that they should reasonably anticipate being hailed into court here.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) at least because Plaintiff resides within this District.  Moreover, Defendants have directed their enforcement activities at the Plaintiff in this District, and a substantial part of the events giving rise to the claim occurred in this District.

## EXISTENCE OF AN ACTUAL CONTROVERSY

12.     There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. § 2201 and 2202.

13.     On or about December 31, 2020, January 1, 2021, a second time on January 1, 2021 and January 3, 2021 Defendant filed a series of complaints for copyright infringement with Amazon, alleging that various Plaintiff products, under numerous Amazon identification numbers ("ASIN"), infringe the Asserted Registration.

14.     On January 6, 2021, Defendant sent a letter stating that "my client is the victim of clear and obvious copyright and trademark infringement. Unless your client immediately ceases the sale of its knock off products, my client will take all appropriate legal action."

15.     Plaintiff denies that it infringes the Asserted Mark or Asserted Registration, and believes both are invalid, unenforceable and subject to invalidation and/or cancellation.

16.     Based on the foregoing, a justiciable controversy exists between Plaintiff and Defendant as to whether Plaintiff's Buckle Pillow infringes the Asserted Mark and Asserted Registration, and whether the Asserted Mark and Asserted Registration are invalid, unenforceable and/or subject to cancellation.

17.     Absent a declaration of non-infringement and/or invalidity and cancellation, Defendant will continue to wrongfully allege that Plaintiff's Buckle Pillow infringes its Asserted Mark and Asserted Registration, thereby causing irreparable injury and damage to Plaintiff.

18.     Absent such a declaration, Defendant will continue to engage in abusive processes of bullying smaller businesses into submission in its attempt to monopolize a market to which it has no right to do so.

19.     Absent such a declaration, Defendant will continue to interfere with Plaintiff's long-standing reputable business relationships, including its stellar reputation on Amazon, resulting in irreparable harm to Plaintiff's reputation with its business partners, and impeding Plaintiff's lawful sales of not only its Buckle Pillow products, but also putting its other product sales in jeopardy based on its baseless, bad faith infringement allegations and permanently tarnishing its ability to trade on its reputation.

**DEFENDANTS' BAD FAITH ASSERTIONS OF THE ASSERTED MARKS**

20.     As discussed above, Defendant communicated with retailers and third-party platforms, including Amazon, alleging that Plaintiff's Buckle Pillow infringes the Asserted Registration and/or Asserted Mark.

21.     Defendant's allegations were in bad faith. At the time of making the allegations to Amazon, Defendant was aware that Plaintiff's Buckle Pillow does not infringe the Asserted Registration.  At the time of making the allegations to Amazon, Defendant was aware that the Asserted Registration is invalid, non-infringement, unenforceable and subject to cancellation at least due to their functionality and as discussed in further detail below.

**COUNT I: DECLARATION OF INVALIDITY OF THE ASSERTED REGISTRATION DUE TO FUNCTIONALITY**

22.     Plaintiff re-alleges and incorporates the allegations in each of the paragraphs in this Complaint as if fully set forth herein.

23.     Defendant's Asserted Registration for its Buckle Toy is insufficiently artistic or creative, and cannot exists separately and independently from the article.

24.     Defendant's Asserted Registration purports to protect the Buckle Toy's sculptural features. The various buckles incorporate a functional design and features.  Indeed, the Buckle

Toy's features are specifically configured for "DEVELOPMENT - Helps toddlers develop fine motor skills, cognitive skills, hand eye coordination, problem solving," as stated on the Amazon listing attached hereto as Exhibit C. The "easy glide zipper pocket" and the decorations "with numbers and shapes" are intended to "engage child to learn early math and counting."

25.     The Buckle Toy is specifically and "uniquely designed" so that children will "learn to 'SNAP' and 'CLICK' but also develop and strengthen fine motor skills, hand-eye coordination, problem solving, and color recognition."

26.     The zipper on the Buckle Toy is placed where it is, and functionality designed, to store toys. The size of Buckle Toy is "very convenient for toddler-sized hands to grasp and hug." Thus, the Asserted Registration in the Buckle Toy is invalid due its functional features.

27.     For at least these reasons, the Asserted Registration should be declared invalid and cancelled.

<u>**COUNT II: DECLARATION OF NON-INFRINGEMENT OF THE ASSERTED REGISTRATION**</u>

28.     Plaintiff re-alleges and incorporates the allegations in each of the paragraphs in this Complaint as if fully set forth herein.

29.     To infringe a copyright, the allegedly infringed product requires substantial similarity in appearance of copyrightable features of the copyrighted work, without consideration of the non-copyrighted features, such as its functional features.

30.     Plaintiff's Buckle Pillow is not substantially similar to the Asserted Registration.

31.     A discerning ordinary observer evaluating the Buckle Pillow and Buckle Toy would consider each to incorporate different aesthetic appeal.

32.     The Asserted Registration does not incorporate any original, creative and non-functional features that are similar to the Buckle Pillow. Defendant has failed to identify, with particularity, the substantial similarity between the Buckle Pillow and the Asserted Registration.

33.     For at least these reasons, the Asserted Registration should be declared not-infringed.

## COUNT III: DECLARATION OF UNENFORCEABILITY OF THE ASSERTED REGISTRATION DUE TO COPYRIGHT MISUSE

34.     Plaintiff re-alleges and incorporates the allegations in each of the paragraphs in this Complaint as if fully set forth herein.

35.     Defendant's activities in enforcing its Asserted Registration amounts to abusive and improper conduct. Defendant attempts to monopolize the market for pillows with buckles.  In doing so, Defendant has violated public policy.

36.     Defendant's copyright misuse attempts to use copyright to secure an exclusive right or limited monopoly not expressly granted by copyright law.  Defendant, in filing complaints with third-party platforms such as Amazon that are legally-obligated to act on such allegations due to the DMCA, attempts to extend and enlarge its rights by preventing competitors from selling a product that performs the same function.

37.     For at least these reasons, the Asserted Registration should be declared unenforceable due to copyright misuse.

## COUNT IV: DECLARATION OF INVALIDITY OF THE ASSERTED REGISTRATION DUE TO FRAUD ON THE U.S. COPYRIGHT OFFICE

38.     Plaintiff re-alleges and incorporates the allegations in each of the paragraphs in this Complaint as if fully set forth herein.

39.     Upon information and belief, the Asserted Registration lists the individual Jill Gomez, as well as Buckle Toy Inc., as the authors of the Asserted Registration.

40.     Upon information and belief, the Asserted Registration lists the individual Jill Gomez, as well as Buckle Toy Inc., as the copyright claimants of the Asserted Registration.

41.     Upon information and belief, Jill Gomez is the founder of Defendant Buckle Toy, Inc., and its controlling shareholder.

42.     Due to Ms. Gomez's role in her capacity of founder or CEO of Defendant, Ms. Gomez could not have been an author in her individual capacity, while also maintaining authorship via the entity of the Defendant.

43.     Upon information and belief, at the time of filing, Defendant knowingly and willfully misrepresented the authorship and copyright claimant to the U.S. Copyright Office.

44.     Upon information and belief, at the time of filing the Asserted Registration Defendant intended to deceive the U.S. Copyright as to the rightful author and copyright claimant.

45.     Defendant has therefore fraudulently obtained its Asserted Registration.

46.     For at least these reasons, the Asserted Registration should be declared invalid and canceled.

**COUNT V: DECLARATION OF INVALIDITY AND CANCELLATION OF THE ASSERTED MARK DUE TO DESCRIPTIVENESS**

47.     Plaintiff re-alleges and incorporates the allegations in each of the paragraphs in this Complaint as if fully set forth herein.

48.     The Asserted Mark consists of the words "BUCKLE" and "TOY."

49.     Upon information and belief, all of Defendant's Buckle Toy products are toys associated with buckles. Attached hereto as Exhibit D is the "Shop" page on Defendant's website, www.buckletoy.com.

9

50.     Defendant admits that its products are "toys with buckles" and "buckle-themed toy."  See Defendant's "About Us" webpage, attached hereto as Exhibit E.

51.     Thus, the Asserted Mark is used to identify goods that are buckle toys. Defendant's Asserted Mark is therefore at the very least descriptive of the goods offered by Defendant. T

52.     The Asserted Mark includes a statement under Section 2(f) of the Lanham Act, whereby Defendant has conceded the Asserted Mark is descriptive.

53.     Defendant's mark was registered on October 22, 2019.  Accordingly, Defendant's Asserted Mark is subject to cancellation as being merely descriptive.

54.     Defendant's use of the Asserted Mark has not acquired secondary meaning, as alleged in the registration of the Asserted Mark.

55.     For at least these reasons, the Asserted Mark should be declared descriptive and, pursuant to 15 U.S.C. §§ 1064 and 1119, should be canceled.

## COUNT VI: DECLARATION OF INVALIDITY AND CANCELLATION OF THE ASSERTED MARK DUE TO GENERICNESS

56.     Plaintiff re-alleges and incorporates the allegations in each of the paragraphs in this Complaint as if fully set forth herein.

57.     The Asserted Mark consists of the words "BUCKLE" and "TOY."  The Asserted Mark should be canceled pursuant to 15 U.S.C. §§ 1064 and 1119 at least because its generic of the goods offered by Defendant.

58.     Any common law rights the Defendant may purport to own in the Asserted Mark should be declared invalid as generic.

59.     Defendant is listed in the records of the Asserted Mark as the owner of the registration.

60.     The Asserted Mark includes a statement under Section 2(f) of the Lanham Act, whereby Defendant has conceded the Asserted Mark is descriptive.

61.     The Asserted Mark for BUCKLE TOY is generic as applied to toys with buckles.

62.     For at least these reasons, the Asserted Mark should be declared invalid as generic and pursuant to 15 U.S.C. §§ 1064 and 1119, should be canceled.

## COUNT VII: DECLARATION OF INVALIDITY AND CANCELLATION OF THE ASSERTED MARK AS BEING VOID *AB INITIO*

63.     Plaintiff re-alleges and incorporates the allegations in each of the paragraphs in this Complaint as if fully set forth herein.

64.     The Asserted Mark is void *ab initio* because, upon information and belief, it was never owned by the Defendant.

65.     Upon information and belief, the rights to BUCKLE TOY are owned by Jill Gomez, individually.  Related Reg. No. 3,614,102 for BUCKLE TOY on the supplemental register (the "Non-Asserted Mark") lists Jill Gomez as the registrant. No Assignment has been filed. Attached as Exhibit F is a record of the Non-Asserted Mark from the TSDR database.

66.     The Asserted Mark lists the Defendant as the Applicant. In claiming acquired distinctiveness under 2(f), Defendant relies upon the Non-Asserted Mark. Yet, upon information and belief, the Non-Asserted Mark is owned by Jill Gomez, whereas the Asserted Mark is owned by the Defendant.

67.     Since Jill Gomez owned the rights to the BUCKLE TOY name for toys, plush toys and stuffed animals, Defendant did not have the right to claim the status of Applicant/Registrant upon filing the Asserted Mark, and improperly did so.  For this reason alone, the Asserted Mark is void *ab initio*.

68.     For at least these reasons, the Asserted Mark should be declared abandoned and, pursuant to 15 U.S.C. §§ 1064 and 1119, should be canceled.

## COUNT VIII: DECLARATION OF INVALIDITY AND CANCELLATION OF THE ASSERTED MARK DUE TO FRAUD

69.     Plaintiff re-alleges and incorporates the allegations in each of the paragraphs in this Complaint as if fully set forth herein.

70.     Defendant, on June 19, 2019, in an attempt to show acquired distinctiveness under 2(f), claimed ownership of the Non-Asserted Mark.  Upon information and belief, Defendant was and is the owner of the application that resulted in the Asserted Mark, whereas Jill Gomez, an individual, is the owner of the Non-Asserted Mark.

71.     Defendant, with intent to deceive, fraudulently submitted a statement to the USPTO that it "claim ownership of active prior U.S. Registration Number(s) 3614102." Defendant was not, at that time, the owner of Registration Number 3614102.

72.     Defendant knowingly made this false and material representation with the intent to deceive.   The USPTO relied on Defendant's false and material representation, since Jill Gomez signed papers on behalf of the Applicant in the Asserted Mark, and was named as Applicant in the Non-Asserted Mark. Upon information and belief, Defendant felt it needed to make such a statement since, absent such statement, Defendant would not have received a registration on the principal register.

73.     For at least these reasons, the Asserted Mark should be declared invalid pursuant to 15 U.S.C. §§ 1064 and 1119, and should be canceled.

## COUNT IX: DECLARATION OF NON-INFRINGEMENT OF THE ASSERTED MARK DUE TO DESCRIPTIVE FAIR USE

74.     Plaintiff re-alleges and incorporates the allegations in each of the paragraphs in this Complaint as if fully set forth herein.

75.     Plaintiff's use of the term "buckle toys" is merely meant to describe the nature of Plaintiff's products. Plaintiff, in good faith, used the term buckle toys for its descriptive attributes.

76.     For at least these reasons, the Asserted Mark should be declared not infringed, due to its descriptive use.

## COUNT X: DECLARATION OF NO DILUTION OF THE ASSERTED MARK

77.     Plaintiff re-alleges and incorporates the allegations in each of the preceding paragraphs as if fully set forth herein.

78.     The Asserted Marks are not famous.

79.     The Asserted Marks are subject to cancellation.

80.     For at least the above reasons, Plaintiff is entitled to a judgment declaring that the Plaintiff's Buckle Pillow and uses related to it do not dilute the Asserted Mark.

## COUNT XI: DECLARATION OF NO FALSE DESIGNATION OF ORIGIN

81.     Plaintiff re-alleges and incorporates the allegations in each of the preceding paragraphs as if fully set forth herein.

82.     Since Plaintiff does not infringe the Asserted Mark, fails to cause a likelihood of confusion with the Asserted Mark, and the Asserted Mark is invalid and subject to cancellation, Plaintiff's advertising, offering for sale, and sale of its Buckle Pillow and related uses do not constitute a false designation of origin.

83.     Plaintiff does not cause confusion, mistake, or deceive affiliation, connection or association of Defendant with Plaintiff.

84.     Plaintiff's activities in advertising and sales do not attempt to profit from Defendants' reputation or goodwill.

85.     For at least theses reasons, Plaintiff is entitled to a judgment declaring that its Buckle Pillow and related uses does do not cause a false designation of origination with Defendant's Asserted Mark.

## COUNT XII: DECLARATION OF NO FEDERAL OR STATE UNFAIR COMPETITION

86.     Plaintiff re-alleges and incorporates the allegations in each of the paragraphs in this Complaint as if fully set forth herein.

87.     Plaintiff's use of its Buckle Pillow in commerce is unlikely to deceive consumers as to the origin, source, sponsorship, or affiliation of its products, and is unlikely to cause consumers to believe, contrary to fact, that Plaintiff's products are sold, authorized, endorsed, or sponsored by Defendant, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

88.     Plaintiff's actions are unlikely to confuse or mislead customers, vendors and the general public.

89.     For at least these reasons, Plaintiff is entitled to a judgment declaring that it does not cause unfair competition with Defendant's Asserted Marks.

## COUNT XIII: DECLARATION OF NO COMMON LAW TRADEMARK INFRINGEMENT

90.     Plaintiff re-alleges and incorporates the allegations in each of the paragraphs in this Complaint as if fully set forth herein.

91.     For the reasons set forth above, Plaintiff does not cause a likelihood of confusion, mislead customers, or in any way infringe Defendant's Asserted Mark.

92.     For at least these reasons, Plaintiff is entitled to a judgment declaring that there is no common law trademark infringement of Defendant's Asserted Mark.

## COUNT XIV: DECLARATION OF NO DECEPTIVE TRADE PRACTICES UNDER N.Y. G.B.L. §349

93.     Plaintiff re-alleges and incorporates the allegations in each of the paragraphs in this Complaint as if fully set forth herein.

94.     For the reasons set forth above, Plaintiff has not engaged in deceptive trade practices.

95.     Plaintiff's actions are lawful, and due to the non-infringement and invalidity of the Asserted Mark, do not trigger standing for Defendant to bring such claims.

96.     For at least these reasons, Plaintiff is entitled to a judgment that it does not engage in deceptive trade practices.

## COUNT XV: TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

97.     Plaintiff re-alleges and incorporate the allegations of all of the paragraphs in this complaint as if fully set forth herein.

98.     Defendant has baldly asserted the Asserted Registration, knowing that such registration is not infringed by Plaintiff.

99.     Defendant has baldly asserted the Asserted Registration, knowing that such registration is invalid.

100.     Defendant has baldly asserted the Asserted Registration, knowing that such registration is unenforceable.

101.     Defendant has baldly asserted the Asserted Mark, knowing that such registration is not infringed by Plaintiff.

102.     Defendant has baldly asserted the Asserted Mark, knowing that such registration is invalid.

103.   Defendant has baldly asserted the Asserted Mark, knowing that such registration is unenforceable.

104.   Asserting a copyright that Defendant knows is invalid is bad faith.  Asserting a copyright that Defendant knows was obtained fraudulently is bad faith.  Asserting a copyright known to not be infringed is bad faith.

105.   Asserting a trademark that Defendant knows is invalid is bad faith.  Asserting a trademark that Defendant knows was obtained fraudulently is bad faith.  Asserting a trademark that Defendant knows to not be infringed is bad faith.

106.   Due at least to offering its products for sale on numerous e-commerce platforms including Amazon, including the Buckle Pillow, Plaintiff is a party to a valid contract granting it rights to sell the Buckle Pillow on such platforms and to retailers.  Plaintiff continues to develop its economic relationship with its sales channels, and intends to continue selling on the platforms and through their sales channels.  Plaintiff further has reasonable expectations of entering into future contracts with its retailers and e-commerce platforms, including Amazon.

107.   Defendant possesses full knowledge of Plaintiff's reasonable expectation of entering into future contracts with its sales partners to continue selling products, as it engages in similar practices.

108.   Defendant's communications with at least Amazon, including its baseless infringement allegations against Plaintiff, were solely out of malice, and used dishonest, unfair and improper means.  Even a cursory review of the Asserted Mark and Asserted Registration would lead one to the conclusion that Plaintiff does not infringe, and that the Asserted Mark and Asserted Registration are invalid.

109.   Defendant's communications with Plaintiff's partners were threats of litigation.

110.    Defendant, in contacting Amazon, intentionally attempted to cause disruption and/or termination the relationship between Plaintiff and Amazon, and ultimately resulting in the listings for the Buckle Pillow being removed prior to the filing of this complaint.

111.    Due to Defendant's acts, Plaintiff's relationships with its partners, including Amazon, are at risk.

112.    Plaintiff's relationship with its partners, including Amazon, has been permanently tarnished due to Defendant's infringement allegations.  Moreover, Plaintiff has new and existing customers, who shop for Plaintiff's goods, who can no longer purchase the Buckle Pillow on their preferred platform.  These customers may choose to now otherwise make purchases from other vendors, to the detriment of Plaintiff.

113.    Plaintiff has suffered and will continue to suffer damages due to Defendant's tortious interference with its prospective economic advantage.

114.    Plaintiff has suffered and will continue to suffer irreparable harm due to Defendant's tortious interference with its prospective economic advantage.

## COUNT XVI: TRADE LIBEL

115.    Plaintiff re-alleges and incorporates the allegations of all of the paragraphs in this complaint as if fully set forth herein.

116.    Defendant knowingly, and without justification, made (and/or caused to be made) materially false representations in writing to third parties, including to Amazon, by which Defendant falsely stated that Plaintiff infringed the Asserted Mark and Asserted Registration. Such statements are materially false.

117.    Defendant's statements were false in that, among other things, (a) Defendant did not have enforceable trademark rights in the Asserted Mark or Asserted Registration; and (b) Plaintiff's Buckle Pillow does not infringe the Asserted Mark or Asserted Registration.

118.    Defendant's materially false representations were calculated to impugn Plaintiff's business reputation and that of its products sold on the websites of e-commerce platforms, including Amazon, and to dissuade others from doing business with Plaintiff and were calculated to otherwise interfere with Plaintiff's business relationships.

119.    Defendant's materially false representations were substantial factors in inducing others, including Amazon, to not have certain business dealings with Plaintiff.

120.    Defendant made (and/or caused to be made) such false communications regarding Plaintiff knowingly, intentionally, in bad faith and motivated solely by unrestrained self-interest, malice and/or disinterested malevolence, without legal or social justification.

121.    Defendant's willful and intentional misconduct, without Plaintiff's knowledge or consent, irreparably injured and caused damage to Plaintiff in its business reputation.

122.    As a result of Defendant's aforesaid acts and conduct, Plaintiff has been irreparably injured in its business and in its good name and character. Plaintiff's standing in its business has also been seriously impaired.

123.    The false statements affected Plaintiff in its trade, business, and profession. Among other things, prior to Defendant's false statements, Plaintiff was generating substantial revenue on the Buckle Pillow. However, Plaintiff is no longer generating any revenue from sales of the Buckle Pillow on Amazon.

124.    As discussed in more detail above, at the time it made the false statements to the e-commerce platforms, Defendant knew that such statements to the Third-Party Platforms were false

or were made with reckless disregard for the truth in that Defendant knew that (a) the Buckle

Pillow does not infringe the Asserted Mark or Asserted Registration; and (b) the Asserted Mark or

Asserted Registration are invalid and subject to cancellation.

125.    Defendant's statements were not mere statements of opinion.

126.    Plaintiff is entitled to damages in excess of $100,000.

127.    Plaintiff is entitled to an award of punitive damages in an amount sufficient to

punish and deter Defendant from engaging in further knowing acts of trade libel.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against

Defendant as follows:

A.    Adjudging that Plaintiff has not infringed and is not infringing the Asserted

Mark;

B.    Adjudging that the Asserted Mark is invalid and subject to cancellation;

C.    Adjudging that Plaintiff has not infringed and is not infringing the Asserted

Registration;

D.    Adjudging that the Asserted Registration is invalid and subject to cancellation;

E.    Adjudging that the Asserted Registration is unenforceable'

F.    Adjudging that no false designation of origin exists;

G.    Adjudging that no deceptive trade practices exist;

H.    Awarding a permanent injunction enjoining Defendant and its affiliates,

officers, agents, employees, attorneys, and all other persons acting in concert with Defendant from

interfering with Plaintiff's business;

I.       Issuing a judgment declaring that Defendant and each of its officers, directors, agents, counsel, servants, employees, and all persons in active concert or participation with any of them, be restrained and enjoined from alleging, representing, or otherwise stating that Plaintiff infringes any of the Asserted Mark or Asserted Registration or from instituting or initiating any action or proceeding alleging infringement of any of the Asserted Mark or Asserted Registration against Plaintiff;

J.       Ordering that Defendant immediately rescind all allegations of infringement of the Asserted Mark or Asserted Registration and related claims from any e-commerce platforms, distributors, resellers or retailers;

K.       Awarding Plaintiff monetary and any other damages for tortious interference;

L.       Awarding Plaintiff monetary and any other damages, including punitive damages, for trade libel;

M.       Declaring Plaintiff as the prevailing party and this case as exceptional, and awarding Plaintiff its reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a);

N.       Ordering that Defendant pay all fees, expenses, and costs associated with this action; and

O.       Granting Plaintiff such further relief as this Court deems just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

by jury on all claims and issues so triable.

Dated: January 22, 2021
New York, New York

By:  /Andrew D. Bochner/
Andrew D. Bochner, Esq.
Bochner IP
295 Madison Avenue, 12th Floor
New York, New York 10017
(646) 971-0685

Attorney(s) for Plaintiff